(14 Misc. Rep. 435.)

BUCHANAN v. PROSPECT PARK HOTEL CO.

(City Court of New York, General Term. October 29, 1895.)

WRITS—SERVICE ON CORPORATION.

Service of a summons against a corporation made on a person claimed to be its president is ineffectual where such person had ceased to be president before the service, of which fact plaintiff's attorney had notice, though the attorney states that he did not believe in the bona fides of such resignation, and does not believe in it now.

Appeal from special term.

Action by Robert H. Buchanan against the Prospect Park Hotel Company. From an order denying a motion to vacate a judgment entered in favor of defendant, on the ground that the summons was not served on defendant, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS, J.

H. C. Conrady, for appellant.
Benno Loewy, for respondent.

VAN WYCK, C. J.   The appeal is from an order denying motion to vacate judgment, on the ground that summons was not served upon defendant.   The judgment was entered on October 23d, and the proof of service is that the summons and complaint were served on the 16th on one Alexander, known to be the president of defendant.   The plaintiff's attorney was informed by one Doyle, attorney for Alexander, by letter and orally, on the 22d, that Alexander had had no connection whatever with the defendant company for two months, when he had ceased to be an officer thereof by reason of his resignation as president; and plaintiff's attorney now deposes that "he did not believe in the bona fides of Alexander's resignation when he saw Mr. Doyle, and does not believe in it now."   However, defendant's proof on this motion is overwhelming and uncontradicted that Alexander had resigned as president in August, and that his successor was then elected, and that since then he had had "no connection with, or right, title, or interest in, the defendant, directly or indirectly, either as a stockholder, officer, agent, clerk, or employé."   The service on Alexander was not service on the defendant company, and the judgment should have been vacated.

Order reversed, with costs; and motion to vacate granted, with costs.